# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATHY LANDIS, on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC. and AMERIGROUP CORPORATION,<br><br>   Defendants. | Case No. 4:23-cv-00005-M-KS<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

  Plaintiff Kathy Landis, on behalf of herself and all others similarly situated, by and through her counsel of record, submits this Response to Defendants' Notice of Supplemental Authority (ECF No. 149). Defendants' notice pertains to a summary judgment decision issued in *Lazaar v. The Anthem Cos.*, No. 22-cv-3075 (JGLC) (S.D.N.Y.).

  First, as a preliminary matter, Plaintiff believes Defendants' notice must be stricken because it does not conform with Local Rule 7.1(h). However, to the extent this Court does not strike the notice, the *Lazaar* decision should be given no weight. First, the *Lazaar* court repeatedly explained that the Second Circuit's *Isett v. Aetna Life Ins. Co.*, 947 F.3d 122 (2d Cir. 2020) opinion controlled its ruling. *Isett* is not binding on this Court, and none of the courts in the four related matters in other circuits (including the *Midkiff* matter in Fourth Circuit) that have issued summary judgment rulings have followed *Isett*.[1] Further and critically, the *Lazaar* court incorrectly dismissed a fundamental difference between *Isett* and Anthem's utilization reviewers—unlike in *Isett*, Anthem's LPN reviewers perform the same job with the same level of authority as its RN

---

[1] In fact, the *Lazaar* court noted that *Learing* (Eighth Circuit) "expressly declined to follow *Isett* as an out-of-circuit case." (ECF No. 107-1, *Lazaar* Order, at 26.)

reviewers. (*See* ECF No. 149-1, *Lazaar* Order, at 20, 23–25). Here, as explained in Plaintiffs' summary judgment briefing, there is no genuine dispute that LPNs perform the same utilization review work as Plaintiffs. (*See generally* ECF Nos. 117, 118, 141.)

In sum, *Lazaar* is neither dispositive nor persuasive in this case.[2]

DATED: October 15, 2025

**NICHOLS KASTER, PLLP**

/s/ *H. Clara Coleman*
Rachhana T. Srey, MN Bar No. 340133*
H. Clara Coleman, MN Bar No. 0401743*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
copperman@nka.com

\* *admitted pro hac vice*

**BARRETT LAW OFFICES, PLLC**

/s/ *Joshua M. Krasner*
William Barrett, NC Bar No. 19545
Joshua M. Krasner, NC Bar No. 19132
5 West Hargett St., Suite 910
Raleigh, NC 27601
Telephone: (919) 999-2799
wbarrett@barrettlawoffices.com
jkrasner@barrettlawoffices.com

**Attorneys for Plaintiff, the FLSA Collective, and the Rule 23 Class**

---

[2] The plaintiffs in *Lazaar* intend to appeal the summary judgment decision.