IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-5-BO-KS

KATHY LANDIS, on behalf of herself )
and all others similarly situated, )
)
Plaintiff, )
)
v. ) ORDER
)
THE ELEVANCE HEALTH COMPANIES,)
INC., f/k/a THE ANTHEM COMPANIES, )
INC., and AMERIGROUP )
CORPORATION, )
)
Defendants. )

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank. [DE 145]. Magistrate Judge Swank recommends that defendants' motion to decertify the conditionally certified collective action under the Fair Labor Standards Act be denied and that plaintiff's motion to certify a Rule 23 class be granted. *Id*. No party has filed an objection to the M&R, and the time for doing so has expired.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette* 478 F.3d 616, 622 (4th Cir. 2007). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On

clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Court has reviewed the M&R for clear error and finds none. Accordingly, the M&R [DE 145] is ADOPTED in full. Defendants' motion to decertify the conditionally certified collective action [DE 110] is DENIED. Plaintiff's motion to certify class [DE 122] is GRANTED. The following Rule 23 class under the North Carolina Wage and Hour Act is certified:

> All persons who are or have been employed by defendants in North Carolina as utilization review nurses in a Nurse Medical Management I, II, [or] Senior job title who are/were paid a salary and treated as exempt from overtime laws, and whose primary job is/was to perform utilization reviews at any time within the two years prior to the commencement of this action to the present.

Nichols Kaster, PLLP, and Barrett Law Office, PLLC, are APPOINTED as Rule 23 class counsel.

SO ORDERED, this 25 day of November 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE