**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| KATHY LANDIS, on behalf of herself and all others similarly situated, | |
| Plaintiffs, | Case No. 4:23-cv-00005-M-KS |
| v. | |
| THE ELEVANCE HEALTH COMPANIES, INC. f/k/a THE ANTHEM COMPANIES, INC. and AMERIGROUP CORPORATION, | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND CLASS DEFINITION** |
| Defendants. | |

## INTRODUCTION

On December 1, 2025, the Court entered an order granting Plaintiff's motion to certify a Rule 23 class of individuals who are or have been employed by Defendants' Elevance Health Companies, Inc. f/k/a The Anthem Companies, Inc. and Amerigroup Corporation (hereinafter collectively "Elevance" or "Defendants") as "Nurse Medical Management I, II, or Senior." (ECF No. 151.) Through this motion, Plaintiff seeks straightforward relief: a clarification of the class definition to expressly include the job title "Medical Management Nurse" among the listed job titles in the class definition. This amendment reflects Defendants' internal renaming of the position from "Nurse Medical Management" to "Medical Management Nurse" on December 30, 2024, and confirms that class membership does not terminate as of that date. Clarifying the definition will prevent the unwarranted exclusion of class members employed after December 30, 2024, based on a technical or strategic job-title modification.

For these reasons and those stated further below, Plaintiff respectfully requests the Court grant this motion.

## PROCEDURAL HISTORY AND RELEVANT FACTS

1

On January 17, 2023, Plaintiff Kathy Landis ("Plaintiff" or "Landis") filed a Fair Labor Standards Act ("FLSA") collective action lawsuit against Defendants on behalf of herself and all other similarly situated utilization review nurses. (ECF No. 1.) Specifically, Landis alleged that Defendants misclassified her and all other utilization review nurses with Nurse Medical Management (NMM) job titles in North Carolina as exempt and, as a result, they are entitled to overtime premiums for their overtime hours worked under the FLSA. (*Id.*) On December 20, 2023, the Court conditionally certified an FLSA collective and authorized notice. (ECF No. 39.) In addition to the Named Plaintiff, six other former and current NMMs joined and are currently participating in this action. (ECF No. 123-1, Srey Decl. ¶ 5.)

On March 27, 2024, Plaintiff filed a Consent Motion to File First Amended Complaint, seeking to add a claim under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq.*, on her individual behalf and on behalf of a putative Fed. R. Civ. P. Rule 23 class, which the Court granted on April 9, 2024. (*See* ECF Nos. 52, 58.) The First Amended Complaint was docketed on April 10, 2024. (ECF No. 59.) On DATE Plaintiff filed for XX leave, with the fully drafted motion to certify defining the Rule 23 class as:

> All persons who are or have been employed by Defendants in North Carolina as utilization review nurses in a Nurse Medical Management I, II, and Senior job title who are/were paid a salary and treated as exempt from overtime laws, and whose primary job is/was to perform utilization reviews at any time within the two years prior to the commencement of this action to the present.

(ECF No. 89 and 90-2, Plf.'s Mot. for Leave to file Rule 23 Class Cert. Mem..) At the time of that filing Defendant had not disclosed its December 30, 2024, change of the Nurse Medical Management job title to the new Medical Management Nurse job title. In Plaintiff's Reply Memorandum, filed after Defendant disclosed the job title switch, she clarified that she was seeking certification of a certified class that included the job title "Medical Management Nurse,"

explaining:

> On December 30, 2024, Elevance changed the exempt NMM job title to "Medical Management Nurse" (*See* ECF No. 118, Pl.'s Stat. of Material Undisputed Facts ISO Summ. J. ("PSOF") ¶ 12.) Despite the change in title, the job duties remained the same. (*Id.* ¶ 13.) Since the temporal scope of the putative Rule 23 class is "to present," the putative Rule 23 class should encompass both job titles.

(Pl.'s Class Cert Reply Mem., ECF No. 143 at 2, n.2; *see also id*. at 8 (explaining that Plaintiffs and putative class members were employed as NMM Is, IIs or Seniors, are all now employed in the singular Medical Management Nurse job title, and all share the same primary duty to conduct utilization reviews).)

The Court ultimately certified the following class without specifically mentioning the Medical Management Nurse job title:

> All persons who are or have been employed by defendants in North Carolina as utilization review nurses in a Nurse Medical Management I, II, [or] Senior job title who are/were paid a salary and treated as exempt from overtime law, and whose primary job is/was to perform utilization reviews at any time within the two years prior to the commencement of this action to the present.

(ECF No. 145, Order and Mem. & Recommendation, entered Aug. 22, 2025; ECF No. 151, Order affirming Mem. & Recommendation, entered Dec. 1, 2025.)

In its Opposition to Plaintiff's Statement of Undisputed Material Facts in support of Summary Judgment, Defendants admitted that class members holding the NMM II and NMM Senior positions were changed to the new Medical Management Nurse job position. (ECF No. 132 at ¶ 14; ECF No. 133-3, Decl. of J. Smith ¶ 13 (Elevance's Director of Compensation admitting that "Nurses holding the Nurse Medical Management II and Nurse Medical Management Senior job titles were generally reclassified to the Medical Management Nurse job position.")) One of its own management witnesses also admitted that when Elevance changed the NMM job title on December 30, 2024, it did not carry over the different levels (I, II, or Senior) but rather placed all

3

prior NMMs in the singular Medical Management Nurse job title. (*See* ECF No. 118, Pl.'s Stat. of Material Undisputed Facts ISO Summ. J. ("PSOF") ¶ 12; ECF No. 119-8, Deposition Transcript of Manager Sean Brown ("Brown Tr.) 18:7-13 ("Q. Were the NMM Is and NMM Seniors -- do they now have the same job title, just Medical Management Nurse? A. Yes. Q. Okay. There's no distinction, for example, of I, II or Senior for the new job title? A. Correct."); ECF No. 133-3 ("the Nurse Medical Management ("NMM")… job families and related job titles no longer exist in North Carolina); *see also id*. at 13:3-23;14:25-15:12; ECF No. 119-20, Defs.' Supp. Ans. to Plfs.' First Set of Interrog., Req. No. 1).) The same manager admitted that the job duties for the positions remained the same even though the job title changed. (ECF No. 119-8, Brown Tr. 15:13-16:15.)

Plaintiffs identified this issue upon receiving Defendant's class notice list. Upon identifying the issue Plaintiffs conferred with Defendants. Defendants—despite admitting that the NMM II and NMM Senior job positions were retitled Medical Management Nurse as of December 30, 2024 without any changes in job duties—refuse to include individuals who held the Medical Management Nurse title in the class notice or to stipulate to amend the class definition, necessitating this motion.

## ARGUMENT

### I. THE COURT SHOULD AMEND THE CLASS DEFINITION TO INCLUDE MEDICAL MANAGEMENT NURSES

Consistent with the Court's class definition and Defendants' admissions, the Court should amend the class certification definition to clarify what is already clear in the record—that individuals holding the title of "Medical Management Nurse" since December 30, 2024, fall squarely within the class. Defendant's arbitrary exclusion of these rightful class members— individuals who held the Nurse Medical Management job title until December 30, 2024 and still perform the exact same job duties—cannot be justified. The existing class definition required

4

Defendants to produce a complete class list of all eligible members "to the present." A mere internal rewording of job titles does not permit Defendants to skirt this Court's certification order and omit an entire year of class members. Defendants' own witness testified that employees who previously held the NMM title and who, as of December 30, 2024, now hold the Medical Management Nurse title continue to perform the same duties and remain classified as exempt from overtime. Likewise, Defendants' declarant in support of summary judgment confirmed that Defendants changed the job titles of nurses in the NMM II and NMM Senior position to Medical Management Nurses. Given these admissions, there is no legitimate basis to exclude individuals holding the Medical Management Nurse title from the class.

Accordingly, Plaintiff respectfully requests that the Court amend the class definition to specifically identify the Medical Management Nurse job title, so that the definition reads:

> All persons who are or have been employed by defendants in North Carolina as utilization review nurses in the Nurse Medical Management I, II, or Senior and/or Medical Management Nurse job titles who are/were paid a salary and treated as exempt from overtime law, and whose primary job is/was to perform utilization reviews at any time within the two years prior to the commencement of this action to the present.

*See* Fed. R. Civ. P. 23(c)(1)(C) ("[a]n order that grants or denies class certification may be altered or amended before final judgment.")

## CONCLUSION

For all the reasons stated above, the Court should grant Plaintiff's motion to amend the class definition.

DATED: January 14, 2026          **NICHOLS KASTER, PLLP**

                                  /s/*Rachhana T. Srey*

Rachhana T. Srey, MN Bar No. 340133*
H. Clara Coleman, MN Bar No. 0401743*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
ccoleman@nka.com

**BARRETT LAW OFFICES, PLLC**

/s/*William Barrett*
Joshua M. Krasner NC Bar. No. 19132
William Barrett NC Bar No. 19545
5 West Hargett St., Suite 910
Raleigh, NC 27601
Telephone: 919-999-2799
jkrasner@barrettlawoffices.com
wbarrett@barrettlawoffices.com

**Attorneys for Plaintiff, the putative FLSA Collective, and the putative Rule 23 Class**

<u>**CERTIFICATE OF COMPLIANCE WITH RULE 7.2(f)(3)**</u>

The undersigned hereby certifies that in accordance with Local Rule 7.2(f)(3), Plaintiff's Memorandum in Support of Motion to Amend Class Definition, including headings, footnotes, citations, and quotations, contains 1,455 words according to Microsoft Word's word count feature.

/s/*Rachhana T. Srey*
Rachhana T. Srey

6